FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA 97 JAN 24  PM 4: 04
SOUTHERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

D. C. CAMPBELL,                                )
                                               )
    Plaintiff,                                 )       **ENTERED**
                                               )
                                               )           **JAN 2 4 1997**
    vs.                                        )       CV 96-P-1427-S
                                               )
SEARS, ROEBUCK AND CO., et al.,                )
                                               )
    Defendants.                                )

---

## MEMORANDUM OPINION

---

This cause comes on to be heard on a motion to remand filed initially on July 1, 1996 by plaintiff, D.C. Campbell, and amended on August 7, 1996. In its motion, the plaintiff argues (1) that the defendant, Sears, Roebuck and Co. ("Sears"), failed to file a timely notice of removal; (2) that the court lacks diversity jurisdiction over the suit because the plaintiff has not met the amount in controversy requirement; and (3) that the court lacks federal question jurisdiction over the suit because the plaintiff stated no federal claims.

## CONTENTIONS

### I. TIMELINESS

28 U.S.C. § 1446(b) states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has



been filed in court and is not required to be served on the defendant, whichever period is
shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be
filed within thirty days after receipt by the defendant, through service or otherwise, of a copy
of an amended pleading, motion, order or other paper from which it may first be ascertained
that the case is one which is or has become removable. . .

The plaintiff filed its initial complaint in the Circuit Court of Jefferson County, Alabama on
March 27, 1996.  In the initial complaint, the plaintiff individually raised claims relating to service
contracts issued by Sears.  Before Sears filed an answer to the complaint, on April 11, 1996, the
plaintiff filed an amended complaint served on Sears on May 2, 1996, in which the plaintiff was
stated as the representative of a putative class of individuals who had purchased service contracts
from either Sears or an unnamed defendant in Alabama within the prior six years.  On May 31,
1996, Sears filed a notice of removal.

On July 1, 1996, the plaintiff filed a motion to remand.  On August 7, 1996, it amended its
motion to include claims that Sears's notice of removal was not timely.

The plaintiff argues that Sears's notice of removal is untimely because it was filed on May
31, 1996, more than thirty days after the original complaint was filed in state court.  In that
complaint, the plaintiff states, all of the claims on which federal jurisdiction could possibly be
premised were stated.  The amended complaint did not expand any of those putative claims.
Because the amended complaint must raise a claim from which federal jurisdiction can be
ascertained to restart the thirty-day filing period, Sears was required to file its notice of appeal
within thirty days of the initial complaint.  Therefore, Sears's notice of removal was untimely.

Sears responds, first, that the plaintiff failed to raise the timeliness issue within thirty days of
the filing of the notice of removal and, therefore, that the objection was itself was untimely under
28 U.S.C. § 1447(c).

Section 1447(c) states:

A motion to remand the case on the basis of any defect in removal procedure must be
made within 30 days after the filing of the notice of removal. . . .  If at any time before final
judgment it appears that the district court lacks subject matter jurisdiction, the case shall be
remanded.

Sears argues that failure to file a timely notice of removal is a procedural defect within the meaning
of § 1447(c).  According to Sears, "An untimely removal is a defect in removal procedure." Cades
v. H & R Block, Inc., 43 F.3d 869, 873 (4th Cir. 1994); See, resolution Trust Corp. v. Bayside
Developers, 43 F.3d 1230, 1239 (9th Cir. 1994) (stating that a failure to timely file a petition for

removal is a procedural defect that must be raised in a motion for remand within thirty days of the removal).

That the plaintiff filed its initial motion for remand within thirty days of the notice of removal does not bring the plaintiff's timeliness argument within the thirty day limitations period, argues Sears. Because the timeliness issue was not raised in the initial motion for remand, but instead occurred in an amendment filed outside the thirty days, that issue is time barred. In arguing this, Sears cites to Council of Laborers v. Pittsburgh-Des Moines Steel, 69 F.3d 1034, 1038 (9th Cir. 1995), in which the Ninth Circuit Court of Appeals stated:

> As we read [§ 1447(c)], it requires that a defect in removal procedure be raised in the district court within 30 days after the filing of the notice of removal. In other words, the critical date is not when a motion to remand is filed, but when the moving party asserts a procedural defect as a basis for remand. Any other reading would elevate form over substance.

The defendant next argues that the plaintiff's timeliness argument is flawed. Because it filed its notice of removal within thirty days after the filing of the amended complaint, its notice of removal is not outside the limitations period. Although occasionally a subsequent pleading will not restart the thirty-day period, if the subsequent pleading sufficiently "changes the character of the litigation," the limitations period will be restarted. Sears maintains that the subsequent pleading changed the litigation because the amended complaint listed class allegations, which created more potential liability to Sears and which opened the door to broader discovery than available for individual claims.

Finally, Sears argues that equitable concerns counsel against revival of the plaintiff's timeliness objection. First, the defendant is not engaging in forum shopping by bringing the case to federal court. Second, there have not been significant state court proceedings in the case to interrupt.

## II. DIVERSITY JURISDICTION

The plaintiff argues that no diversity jurisdiction exists over his claim because it does not reach the $50,000 amount in controversy requirement. First, the plaintiff states, the amount in controversy requirement must be satisfied by each individual in the putative class, not through the aggregation of those individuals. Zahn v. International Paper Co., 414 U.S. 291, 293 (1973). Because no member of the putative class would have claims exceeding $50,000, the amount in controversy could not be met.

3

Next, the plaintiff argues, the amount in controversy requirement could not be met through the injunctive relief for which the plaintiff initially asked, for two reasons. First, states the plaintiff, the value of any injunctive relief should be seen as divided across the class as a whole, not as accruing to the class with one common, undivided right to relief. The class members are unified in the action for convenience, not to obtain a common remedy. Thus, the plaintiff states, the cost of any injunction should be apportioned across the class.

Second, the plaintiff claims, injunctive relief is barred by the 1996 amendment to the Mini-Code. Therefore, even if the value of the injunctive relief had satisfied the amount in controversy requirement, such relief is barred and cannot be used to raise the value of the suit over the amount in controversy requirement.

Finally, the plaintiff argues that an award of attorneys' fees in a class action cannot be attributed to a named plaintiff for purposes of raising the amount in controversy. In saying this, he distinguishes In re Abbott Laboratories, 51 F.3d 524 (5th Cir. 1995), in which the Fifth Circuit Court of Appeals found that the recovery of attorneys' fees by a class were recoverable to the plaintiff under a state statute. Because Alabama has no statute similar to that in Abbott, the amount recovered by the attorneys will be a percentage of the amount recovered by each class member.

The Alabama Supreme Court, states the plaintiff, has held that fees for attorneys in a class action should be calculated as a pro-rata share of the class's recovery. City of Ozark v. Trawick, 604 So.2d 360, 362 (Ala. 1992). Therefore, states the plaintiff, the attorneys will recover fees as a proportion of each individual class member's recovery. Because the recovery of each class member will be less that $50,000, mathematics dictates that the amount in attorneys' fees attributable to any class member will be less that $50,000. (In addition, the attorneys' fees are simply part of each class member's recovery and cannot therefore be added to the amount to be recovered by the plaintiffs for purposes of establishing the amount in controversy.)

If the class is not certified, the plaintiff will merely receive a proportion of the particular plaintiff's recovery in the case, which, at most, will be less $923.39 plus six percent prejudgment interest.

The injunctive relief sought by the plaintiff is cessation of allegedly illegal practices regarding the sales of its service contacts. An award of that injunction would, Sears avers, be valued in excess of $50,000. Sears contends that this amount should not be divided among all the putative members of the class, because the value of the injunction would be the same whether it was relief granted to a

4

sole plaintiff or to the entire class.  Analytically then, were each member of the putative class to bring the action individually asking for injunctive relief, each would satisfy the amount in controversy.

Injunctive relief is an indivisible form of relief, and therefore is something that cannot logically be divided among class members, but is instead, the result of a "common and undivided interest in enjoining the [unlawful] activity." Martin v. Granite City Steel Corp., 596 F.Supp. 293, 297 (S.D. Ill. 1984).  Like punitive damages, Sears argues, which the Eleventh Circuit Court of Appeals held in Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, to be a form of relief accruing to the class in the aggregate, not to each member individually, injunctive relief accrues to the class as a whole.  In Tapscott, the Eleventh Circuit Court of Appeals found that because punitive damages were not awarded to compensate each individual, but to punish the responsible parties and secure a public benefit from the responsible party in its future actions, the benefits accrued to the entire class as a whole. Id. at 1358.  Similarly, Sears maintains, injunctive relief is meant to reform the wrongdoer's conduct and secure not individual benefit, but a public benefit.

Finally, Sears argues, at the very least, the plaintiff has a claim for injunctive relief, and the benefit of the relief could be considered to essentially accrue to his benefit.  Therefore, such relief would grant the court diversity jurisdiction over his claim.  Supplemental jurisdiction would give the court jurisdiction over the remaining individuals who did not meet the amount in controversy requirement.  Even if no supplemental jurisdiction over the other members of the class exists, diversity jurisdiction remains over the plaintiff.

Sears asserts that the plaintiff's abandonment of his injunctive claims does not deprive the court of jurisdiction because the plaintiff's post-removal attempts to amend or clarify pleading to reduce the amount in controversy should be ignored.  See In re Carter, 618 F.2d 1093, 1101 (5th Cir. 1980), cert. denied, 450 U.S. 949 (1981) (stating that the determination of subject matter jurisdiction is to be made "by looking to the complaint as it existed at the time the petition for removal was filed.")

## III. FEDERAL QUESTION

The defendant cited as a basis for removal federal question jurisdiction based upon preemption of the plaintiff's claims under the National Bank Act.  The plaintiff argues against federal question jurisdiction based upon questions of interpretation of the National Bank Act, first,

because the defendant's claim that some service contracts in issue were purchased using Sears National Bank credit cards is unsubstantiated. Second, contends the plaintiff, he does not raise, or attempt to raise, a claim for excessive interest under the National Bank Act. Instead, the plaintiff seeks recovery of money paid for void service contracts, through whatever means, and prejudgment interest. Finally, states the plaintiff, because no national bank is a defendant in the action, the National Bank Act does not give the court jurisdiction.

Sears responds that although no express reliance on federal law exists in the complaint, the substance of the allegations demonstrates the existence of a National Bank Act claim. In this case, states the defendant, although the well-pleaded complaint states no federal claim, the complete preemption of the plaintiff's claim by the National Bank Act converts the state law claim into a federal claim.

This case, states the defendant, relates to the exclusive regulation of the national banks by the federal government. With respect to the plaintiff's claims, because some service contracts were purchased with credit cards provided by national banks, an issue over the interest charged on those credit cards arises. A remedy for that improperly charged interest, states Sears, is provided solely by the section 86 of the National Bank Act:

> [C]harging a rate of interest greater than is allowed by section 85 of this title, when knowingly done, shall be deemed a forfeiture of the entire interest. In case the greater rate of interest has been paid, the person by whom it has been paid may recover back . . . twice the amount of interest thus paid from the association taking or receiving same.

12 U.S.C. § 86.

The plaintiff, for one, purchased his service contract using a Sears credit card, administered by the Sears National Bank, states the defendant. Apparently, Sears maintains that because its credit cards were often used to pay for the service contracts, it could allegedly have knowingly charged illegal interest and thus forfeited the entire interest or made itself liable for twice the interest paid to it on the service contracts. This statute, presumably, preempts any state law damages claims seeking refund of interest on purchases of invalid service contracts and, therefore, a federal question, with regard to those claims, is created. Although such claims may not be brought necessarily against Sears, they may be brought against other fictitious defendants whom allegedly the plaintiff claims "have unlawfully received funds from the sale of service contracts sold by the other defendants." Amended Complaint, paragraph 5.

Asa second basis for federal question jurisdiction, the defendant claims that the court has

6

supplemental jurisdiction over the matter because it arises out of the case or controversy as Tapscott v. Lowe's Home Centers, Inc., CV-94-PT-2027-S, etc. Both the Tapscott cases, and in particular Frost v. Sears, Roebuck and Co., CV-95-S-1850-S, and this case arise out of the service contracts and the same class is allegedly represented, argue the defendants. Because the cases have now been consolidated, Sears argues, questions as to the initial removability of Campbell are extinguished.

## ANALYSIS

First, the court agrees with the holding in Northern California Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co., supra, that the basis of the motion to remand based upon a defect in procedure must be asserted within thirty days of the filing of the notice of removal. Because timeliness is considered a defect in procedure, an assertion of untimeliness as the basis of a motion to remand is time-barred if it is made outside the thirty-day limitations period. The plaintiff's argument that Sears's notice of removal was untimely filed is barred.

Second, although the court agrees with the defendant that an injunction is a form of indivisible relief that extends to the class as a whole, the plaintiff has stated its belief that such relief is unrecoverable as a matter of law. Although relief claimed in the complaint generally is determinative of whether the jurisdictional amount in controversy is met, if a plaintiff seeking remand "demonstrates that despite the allegations of the complaint the amount recoverable cannot exceed [$50,000] as a matter of law," diversity jurisdiction may be defeated. WRIGHT, MILLER & COOPER, FED. PRAC. & PROC.: JURISDICTION 2D § 3725 (1985). In this instance, the plaintiff has shown that Alabama law would bar its request for an injunction.[1] Therefore, the request for injunctive relief cannot be a basis for satisfying the amount in controversy in the present action.

Also, a grant of jurisdiction based upon recovery of attorneys' fees fails. Because the attorneys' fees will be recovered as a pro rata share of the class's recovery of damages, the attorneys' fees are therefore being paid as a share of each individual class member's recovery. The attorneys' fees would be part of the individual class member's claims, none of which would be in excess of $50,000.

---

[1] If this court remands the action, plaintiff will be judicially estopped from claiming to the contrary.

7

There exists no federal question jurisdiction here. This court cannot speculate on what real defendants, Sears National Bank or otherwise, will eventually be posited to adopt the roles of the fictional defendants, but can only look to see if, with respect to Sears, a federal question is raised. No National Bank Act claim can be raised against Sears, because Sears charged no excessive interest on the purchase of service contracts.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion to remand will be **GRANTED** and the case will be remanded to the Circuit Court of Jefferson County, Alabama.

This __24__ day of January 1997.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

8